UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AISHA SPRINGS,

    Plaintiff,

v.

HAMILTON COUNTY CHILDREN SERVICES, et. al,

    Defendants.

Case No. 1:17-cv-204

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the complaint should be dismissed.

**I. Introduction**

Plaintiff, proceeding *pro se*, seeks to file her complaint *in forma pauperis*, or without payment of a filing fee. Her tendered complaint alleges that Defendants, identified as Hamilton County Children Services, Cincinnati Public Schools, and an individual named Hannah Walker[1] are violating Plaintiff's rights and the rights of her children by "trying to inforce [sic] contracts, ordinance, codes, statutes." (Doc. 1-1 at 3). Plaintiff alleges that Cincinnati Children Services has "called the police on me for not letting them gain forced entry to look at my children (progeny) surviving." (*Id.*) She alleges that Defendants are "trafficking my surviving progeny as chattle [sic] property,"

---

[1] Despite the inclusion of Ms. Walker in the caption, she does not appear to be referenced in the body of the complaint.

and that Plaintiff "never gave my children to, nor handed my rights as guardian, over to Hamilton Children Services." (*Id.*). Plaintiff accuses Defendants of threatening her with the force of the police department, and of "trying to kidnapp [sic]" her children. (*Id.*) She accuses Defendant(s) of improper "use of force [through] Hamilton County Juvenile Court." As relief, she seeks an order directing the Hamilton County Children Services to "close all cases, leave me and my surviving children (progeny) alone, and pay $5 million for infringement." (*Id.* at 4). She also seeks an order directing the Defendant to "stop calling Cincinnati Police department on me and my surviving children (progeny)" and to stop "coming to house" because her "children are well." (*Id.*) Last, she seeks an injunctive to prevent Defendants from "trying to file charges on my and my (progeny) children in the state juvenile court" or "trying to act as guardian." (*Id.*)

## II. Analysis

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as

true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Based upon the above standards, Plaintiff's complaint must be dismissed in its entirety for failure to state any cognizable federal claim against any identified Defendant.[2] The complaint contains no discernable allegations against the Cincinnati Public Schools or Hannah Walker. In addition, Plaintiff's allegations against "Hamilton County Children Services" are entirely conclusory and are insufficient to state any claim. The gist of Plaintiff's complaint appears to focus on matters involving Hamilton County's attempts to investigate some type of child welfare complaint, to enforce state law, and/or to confirm the well-being of Plaintiff's children through a home visit or other means. Plaintiff's request for an order directing the Defendants to "close all cases" strongly suggests the presence of ongoing proceedings in state court, calling into

---

[2]The undersigned takes judicial notice of the fact that the same Plaintiff previously filed a lawsuit in this court, Case No. 1:14-cv-570, concerning one of her children. Although one claim in that case survived initial screening, the case was ultimately dismissed on October 28, 2015 based upon Plaintiff's failure to prosecute.

4

question the application of the *Rooker-Feldman* doctrine,[3] as well as traditional principles of comity and deference that have led federal courts consistently to refuse to exercise jurisdiction over claims that attack state decisions involving child welfare or custody issues. *See, e.g. Stephens v. Hays*, 374 Fed. Appx. 620 (6th Cir. 2010).

Additionally, the county defendant can be held liable under 42 U.S.C. § 1983 only if its "official policy," not the acts of individual executives or agents, were the source of Plaintiff's injury. *See Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (citing *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 694 (1978)). Here, Plaintiff not only fails to allege any claim based upon Hamilton County's official policy, but she fails to include any factual allegations that would give rise to any claim at all to support the exercise of federal jurisdiction.

Last, Plaintiff's references to criminal statutes concerning slavery, human trafficking, conspiracy, and/or conspiracy against civil rights are unavailing. *See generally*, 18 U.S.C. §§ 241, 242, 1590. Even if Plaintiff had included sufficient factual allegations to make out any claim, which she has not, the referenced penal statutes do not give rise to a private civil cause of action.

**III. Conclusion and Recommendation**

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be DISMISSED WITH PREJUDICE for lack of federal jurisdiction and for failure to state a claim.

        *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923));

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AISHA SPRINGS,

    Plaintiff,

v.

HAMILTON COUNTY CHILDREN SERVICES, et. al,

    Defendants.

Case No. 1:17-cv-204

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).